**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

SANDLER AT BARTRAM LAKES, L.L.C.,

                Plaintiff,

vs.                                  Case No.  3:17-cv-809-J-34PDB

COMCAST OF FLORIDA/GEORGIA/
ILLINOIS/MICHIGAN, LLC f/k/a
COMCAST OF GREATER
FLORIDA/GEORGIA, INC.,

                Defendant.
_____/

# O R D E R

      **THIS CAUSE** is before the Court sua sponte.  Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).  This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction.  See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking").

      On July 14, 2017, Plaintiff filed its Complaint (Doc. 1), asserting that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.  See Complaint ¶ 4.  In support, Plaintiff asserts that "[t]his is an action between parties of diverse citizenship with an amount in controversy that exceeds $75,000, exclusive of interest and costs."  Id. Plaintiff, Sandler at Bartram Lakes, L.L.C. (Sandler), alleges that it is "a Virginia limited

liability <u>corporation</u> with its principal place of business located" in Virginia. <u>Id.</u> ¶ 1 (emphasis added).    In addition, Sandler alleges that Defendant Comcast of Florida/Georgia/Illinois/Michigan, LLC (Comcast) is "a Florida limited liability <u>corporation</u> with its principal place of business" in Pennsylvania. <u>Id.</u> ¶ 2 (emphasis added).  Upon review of these allegations, the Court is unable to determine whether it has diversity jurisdiction over this action because Plaintiff has inadequately pled the citizenship of either party.

Here, Sandler identifies both parties as "limited liability <u>corporations</u>," and alleges their respective states of citizenship as if they are corporations. <u>Id.</u> ¶¶ 1-2; <u>see also</u> 28 U.S.C. § 1332(c)(1).  However, Sandler and Comcast are denominated using the LLC abbreviation which, under both Florida and Virginia law, indicates that these entities are limited liability <u>companies</u>, not corporations.[1]  <u>See</u> Fla. Stat. § 605.0112(1)(a) ("The name of a limited liability company . . . [m]ust contain the words 'limited liability company' or the abbreviation 'L.L.C.' or 'LLC'"); Fla. Stat. § 607.0401(1) ("A corporate name . . . [m]ust contain [certain words, abbreviations or designations] as will clearly indicate that it is a corporation instead of a natural person, partnership, or other business entity."); Va. Code Ann. § 13.1-630(B.)(3.) ("A corporate name shall not contain . . . [a]ny word, abbreviation or combination of characters that states or implies the corporation is a limited liability company or a limited partnership").  An entity cannot be both a limited liability company and a corporation.  Moreover, because the requirements for demonstrating the citizenship of a limited liability

---

[1]        Notably, in the Right-of-Entry Service and Installation Agreement, which is attached to the Complaint, Sandler is identified as a "Virginia limited liability <u>company</u>."  <u>See</u> Complaint, Ex. A at 1 (emphasis added).

company and a corporation are different, the Court cannot determine the citizenship of Sandler and Comcast from the assertions in the Complaint.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. Relevant to this action, for the purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). A corporation, however, "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 559 U.S. 77, 81 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted). Thus, to sufficiently allege the citizenship of an LLC, a party must list the citizenship of each of the LLC's members, but to allege the citizenship of a corporation, a party must identify the states of incorporation and principal place of business. See Rolling Greens, 374 F.3d at 1021-22; 28 U.S.C. § 1332(c)(1). Here, as the parties are denominated as LLCs, but Sandler alleges jurisdiction as if they are corporations, the Court is unable to determine the citizenship of either party. As such, clarification is necessary to establish this Court's diversity jurisdiction. First, Sandler must specify whether each party is a limited liability company or a corporation. If, despite their names, Sandler and Comcast are corporations, the Court can determine their respective states of citizenship based on the information contained in the Complaint.

However, if either party is a limited liability company, as they both appear to be, then Sandler must establish the citizenship of each of the members of that party.[2]

In light of the foregoing, the Court will give Sandler an opportunity to demonstrate that the Court has subject matter jurisdiction over this case.[3]

Accordingly, it is

**ORDERED**:

Plaintiff Sandler at Bartram Lakes, L.L.C. shall have up to and including **July 31, 2017**, to provide the Court with sufficient information so that it can determine whether it has jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on July 17, 2017.

**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

---

[2]     Sandler is advised that each member's citizenship must be properly alleged, be it an individual, corporation, LLC, or other entity.

[3]     The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met.  See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002); see also Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").

-4-