**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SANDLER AT BARTRAM
LAKES, L.L.C.,

    Plaintiff,

v.                                                    Case No. 3:17-cv-809-J-34PDB

COMCAST OF FLORIDA/GEORGIA/
ILLINOIS/MICHIGAN, LLC, f/k/a Comcast
of Greater Florida/Georgia, Inc.,

    Defendant.
_____

## **O R D E R**

    **THIS CAUSE** is before the Court on Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law (Doc. 65; Response), filed on December 21, 2018. In the Response, Plaintiff, in addition to asserting that Defendant's motion to dismiss is due to be denied, alternatively requests leave to amend its complaint in the event the Court finds that its allegations are inadequate. See Response at 7. Preliminarily, the Court notes that a request for affirmative relief, such as a request for leave to amend a pleading, is not properly made when simply included in a response to a motion. See Fed. R. Civ. P. 7(b); see also Rosenberg v. Gould, 554 F.3d 962, 965 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.") (quoting Posner v. Essex Ins. Co., 178 F.3d 1209, 1222 (11th Cir. 1999))).

Moreover, even if it were proper to include this request in the Response, the request is otherwise due to be denied for failure to comply with Local Rules 3.01(a) and 3.01(g), United States District Court, Middle District of Florida (Local Rule(s)). Local Rule 3.01(a) requires a memorandum of legal authority in support of a request from the Court. See Local Rule 3.01(a). Local Rule 3.01(g) requires certification that the moving party has conferred with opposing counsel in a good faith effort to resolve the issue raised by the motion and advising the Court whether opposing counsel agrees to the relief requested. See Local Rule 3.01(g). In addition to these deficiencies under the Local Rules, the request in the Response also fails to satisfy the requirement that "[a] motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999); see also McGinley v. Fla. Dep't of Highway Safety and Motor Vehicles, 438 F. App'x 754, 757 (11th Cir. 2011) (affirming denial of leave to amend where plaintiff did not set forth the substance of the proposed amendment); United States ex. rel. Atkins v. McInteer, 470 F. 3d 1350, 1361-62 (11th Cir. 2006) (same). Thus, the Court will not entertain Plaintiff's request for relief included in the Response. Plaintiff is advised that, if it wishes to pursue such relief, it is required to file an appropriate motion, in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.[1]

---

[1] Plaintiff also appears to contend that, if the Court grants the motion to dismiss, the Court must sua sponte provide Plaintiff with an opportunity to amend its Amended Complaint because Plaintiff "would be easily able to cure the purported deficiencies." See Response at 3 n.1. In support, Plaintiff cites Friedlander v. Nims, 755 F.2d 810, 813 (11th Cir. 1985) for the proposition that "'[a] district court should give a plaintiff an opportunity to amend his complaint rather than dismiss it when it appears that a more carefully drafted complaint might state a claim upon which relief could be granted.'" See id. (quoting Friedlander, 755 F.2d at 813). Plaintiff's reliance on Friedlander is misplaced. As recognized in Marantes v. Miami-Dade County, 649 F. App'x 665, 673 (11th Cir. 2016), except as it relates to pro se litigants, the holding in Friedlander was abrogated by the en banc decision of the Eleventh Circuit in Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir.2002). See Marantes, 649 F. App'x at 673; Wagner, 314 F.3d at 542 ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is

**ORDERED**:

To the extent that it requests affirmative relief from the Court, Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law (Doc. 65) is **DENIED without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida, this 2nd day of January, 2019.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record

---

represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."). Counsel is reminded that their duty of candor to the Court includes the obligation to assure the continuing viability of any authority cited to the Court.